NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANK Z. GUAJARDO,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7053

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-321, Judge Lawrence B. Hagel.

---

Decided: June 5, 2015

---

FRANK Z. GUAJARDO, Houston, TX, pro se.

COURTNEY D. ENLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; DAVID J. BARRANS, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Frank Guajardo appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal of the Board of Veterans' Appeals (Board) decision that denied entitlement to dependency and indemnity compensation under 38 U.S.C. §§ 1310 and 1318. *Guajardo v. McDonald*, No. 14-0321, 2014 WL 5591084 (Vet. App. Nov. 4, 2014) (*Veterans Court Decision*). We *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Guajardo is the son of deceased service member Alfredo Guajardo. On July 3, 2008, Mr. Guajardo, who has cerebral palsy and is paraplegic, filed a claim for dependent and indemnity compensation (DIC) with the Department of Veterans Affairs (DVA). The DVA Regional Office initially denied Mr. Guajardo's application on the ground that Alfredo Guajardo's discharge from service had been dishonorable. After further processing of Mr. Guajardo's claim, the DVA issued a supplemental statement of the case, stating that because Alfredo Guajardo had in fact been honorably discharged, Mr. Guajardo met the basic eligibility requirements for DIC. The DVA then denied Mr. Guajardo's claim on the merits.

The Board denied Mr. Guajardo's claim on appeal. First, noting Alfredo Guajardo's honorable discharge, the Board found that Alfredo Guajardo's death was due to squamous cell lung cancer which was not related to his military service. It therefore determined that Alfredo Guajardo's death was not service-connected and consequently that Mr. Guajardo is not entitled to DIC under § 1310. Second, the Board found that Alfredo Guajardo was not in receipt of, or entitled to receive, compensation

at the time of death for a service-connected disability or disabilities rated totally disabling.  *See* 38 U.S.C. § 1318; 38 C.F.R. § 3.22.  It therefore found that Mr. Guajardo is not entitled to DIC under § 1318.

Mr. Guajardo appealed to the Veterans Court, arguing that because Alfredo Guajardo's discharge was honorable, Mr. Guajardo is entitled to DIC.  *Veterans Court Decision* at 1.  The Veterans Court dismissed, finding that Mr. Guajardo did not raise any allegations of error in the Board's decision.  *See id.*  Mr. Guajardo filed subsequent correspondence indicating his disagreement with the *Veterans Court Decision* and again arguing that he is entitled to DIC because his father was honorably discharged from service.  The Veterans Court construed the correspondence as a motion for reconsideration.  It then denied Mr. Guajardo's motion, finding reconsideration unnecessary because the Alfredo Guajardo's honorable discharge had been acknowledged by the Board and was not in dispute.  Mr. Guajardo appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute.  We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision."  38 U.S.C. § 7292(a) (2012).  Except where an appeal raises a constitutional issue, we lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

Mr. Guajardo argues on appeal that he should be awarded DIC under § 1318.  Appellant's Informal Br. 1.  Section 1318 provides that entitlement to DIC may exist even if a veteran's death is not service-connected if,

among other things, the veteran "was in receipt of or entitled to receive . . . compensation at the time of death for a service-connected disability rated totally disabling . . ." § 1318. Mr. Guajardo acknowledges that his father's death was not service-connected. He asserts, however, that as the disabled child of a veteran, he is entitled to DIC under § 1318 because his father was honorably discharged from military service. *Id.*

We lack jurisdiction over Mr. Guajardo's appeal. Mr. Guajardo's argument challenges the Veterans Courts' application of law to the facts of his case. He does not identify any error of law or statutory interpretation in the *Veterans Court Decision*, nor does he argue that his appeal raises a constitutional issue. Instead, he argues that the DVA erred in finding that he is not entitled to DIC because the evidence establishes that his father was honorably discharged from service. Mr. Guajardo's entitlement to DIC depends on facts relating to Alfredo Guajardo's death and his entitlement to disability benefits at that time. Resolution of the dispute identified by Mr. Guajardo would require us to apply the legal requirements of § 1318 to the particular facts of Mr. Guajardo's case. We lack jurisdiction to do so.

CONCLUSION

For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.